**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BERNARD PAGA**                                                                     **CIVIL ACTION**

**VERSUS**                                                                          **NO. 20-605-SDD-RLB**

**EVEREST NATIONAL INSURANCE COMPANY, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 8, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BERNARD PAGA**                                         **CIVIL ACTION**

**VERSUS**                                                  **NO. 20-605-SDD-RLB**

**EVEREST NATIONAL INSURANCE COMPANY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* regarding Plaintiff's failure to serve the defendant Lone Star Roofing, LLC within the time limitations provided by Rule 4(m) of the Federal Rules of Civil Procedure.

On or about July 29, 2020, Bernard Paga ("Plaintiff") initiated this personal injury action in state court. (R Doc. 1-1). On September 11, 2020, the action was removed on the basis of diversity jurisdiction. (R. Doc. 1).

The record indicates that Lone Star Roofing, LLC has not been served.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule further provides that the Court "must extend the time for service for an appropriate period" if the plaintiff is able to show good cause for his failure. *Id.*

On March 29, 2022, the Court issued an Order requiring Plaintiff to show cause, in writing, why his claims asserted against Lone Star Roofing, LLC should not be dismissed because of his failure to serve this defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure and/or for failure to prosecute under Local Rule 41(b)(1) and/or Rule

1

41(b) of the Federal Rules of Civil Procedure. (R. Doc. 18 at 4-5). The Court provided Plaintiff with seven (7) days to file a written response to the Order.

On April 5, 2022, Plaintiff filed a Motion for Leave to File Plaintiff's Second Supplemental and Amended Complaint, which indicates that Plaintiff is seeking to name a new defendant in place of Lone Star Roofing, LLC, which Plaintiff identifies as "erroneously joined" to this lawsuit. (R. Doc. 19).[1] Plaintiff did not file any other document asserting that his claims asserted against Lone Star Roofing, LLC should not be dismissed in light of the show cause order.

In light of the foregoing,

**IT IS RECOMMENDED** that Plaintiff's claims against the defendant Lone Star Roofing, LLC be dismissed, without prejudice, for failure to effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on April 8, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's Motion for Leave to File Plaintiff's Second Supplemental and Amended Complaint (R. Doc. 19) is addressed by a separate order.

2